JACOB GOLDSTEIN and MORTON REIF, Respondents, v. HARFAN REALTY COR-
PORATION, Appellant.— Judgment unanimously affirmed, with costs. No opinion.
Present — Kelly, P. J., Manning, Young, Lazansky and Hagarty, JJ.

KATHERINE GREENSCHPOON, Appellant, v. ARTHUR JOSEPH, Respondent.—
Order granting motion to strike out defendant's answer, and directing judgment
for plaintiff for $8,000, modified by adding thereto a provision that such judgment
is without prejudice to a trial of plaintiff's claim for interest on such amount, as
to which the action may proceed; and as so modified said order is affirmed, without
costs. No opinion. Kelly, P. J., Manning, Young, Lazansky and Hagarty, JJ.,
concur.

GEORGE D. GRUNDY, Appellant, v. LOUISA D. PRATT, Respondent.— Judgment
unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Manning,
Young, Lazansky and Hagarty, JJ.

In the Matter of the Judicial Settlement of the Accounts of MARGARETHA
WEBER and OSCAR B. WAY, as Executors, etc., of PHILIPINA SCHAUB, Deceased.—
Decree of the Surrogate's Court of Queens county, in so far as appealed from,
unanimously affirmed, without costs. No opinion. Present — Kelly, P. J.,
Young, Kapper, Lazansky and Hagarty, JJ.

In the Matter of GEORGE H. STELZER, Charged with Being the Father of the
Child of JULIA FICUNILLI, Born out of Lawful Wedlock.— Order of filiation of the
Children's Court of Suffolk county reversed upon the facts, proceeding dismissed,
and defendant discharged from custody. There was no evidence before the court
showing that defendant was the father of the child of complainant. Kelly, P. J.,
Young, Kapper, Lazansky and Hagarty, JJ., concur.

In the Matter of the Petition of CORNELIUS DOHERTY (Respondent), to Compel
ADELAIDE WASHBURN (Appellant), to Render and Settle Her Account as Executrix
of THOMAS J. WASHBURN, Deceased.— Order of county judge of Kings county
acting as surrogate, directing executrix to account, and order denying motion
for reargument, reversed upon the law and the facts, without costs, and pro-
ceedings transferred to the Supreme Court, Special Term, Kings county, for
determination upon a new hearing. Whether the petitioner is barred from main-
taining these proceedings because of failure to file a claim against the estate,
cannot be determined upon the printed papers submitted. The contention of the
petitioner that his claim was allowed by the executrix cannot be determined upon
the language of the stipulation as to transfer tax proceedings. Whether the
individual executrix, now deceased, who is said to have conducted those proceedings,
admitted the claim of the petitioner does not appear. Evidently she did not pay
the claim. Whether such admission, if made, has any binding effect upon the
estate or upon the surviving executrix, can only be determined upon examination
of the proceedings. Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ.,
concur.